Please call the next case. 116-1237, Brittany Theis v. Stacey, LLC. Good morning, Your Honors. Counsel. Attorney Edward Zapp on behalf of the plaintiff appellant, Brittany Theis. This is a fairly straightforward matter, I believe, for the panel this morning. This was an undisputed, straightforward workers' compensation claim involving two criminal issues. One, permanency, and the other one were the medical bills that were at issue at the time of trial. The arbitrator in this undisputed case awarded permanency and awarded medical bills. For some strange, unknown reason, the respondent refused to pay the award. I still have not heard an argument put forth from respondent as to what the good cause was for the delay in the payment. As soon as you didn't tender the bill, Stone. Yeah, that's their argument. That's their argument. Right, and I guess in that regard, I had made an effort to supplement the record on appeal, and I believe the record was supplemented in December, including the stiff sheet, or the request for hearing sheet that was used at the time of the arbitration hearing. On that stiff sheet, the request was made for those bills. It was tendered in writing to respondent. Well, wait a second. Yeah, but that's before the award. Before the hearing, correct. Do you have any cases that hold that a written demand for payment of medical expenses contained within a request for hearing in advance of the arbitration hearing constitutes a sufficient written request for payment following the award? No, Your Honor. Well, then how do we make that conclusion? Well, clearly one of the issues at the hearing was the disputed medical. Counsel was put on notice that that was an issue by way of the written stiff sheet. At trial, the medical records were admitted into evidence. At trial, they were offered. Counsel did not order a copy of the transcript. He didn't order a copy of the medical bills. He didn't subpoena any of the medical records to pay those bills. He didn't even go as far as to ask opposing counsel, Ed, do you have a copy of those records or those exhibits? I don't have this, that, or the next thing. But does the law require them to actively seek out the medical bills? Or are you supposed to tender them to the? The tender was made at trial when they were put into evidence before the arbitrator. I don't believe there's any duty subsequent to trial for petitioner's counsel to give response counsel the documents that were offered in evidence. But then you would be asking us to hold that the request for payment at the request for hearing form then constitutes sufficient demand that would give rise to penalties if not paid, right? That's your position. Correct. That the stiff sheet was the demand. If you want your client's medical bills paid, why won't you give him a copy of the bill? They never asked for it, Judge. We put it in evidence. At that point, the issue was pretty clear. Here's the records that were admitted. Here's the medical bills that were admitted. Counsel's argued that pursuant to section 8.2D1 that they should have been sent to respondent prior, and they've got 30 days then to pay the, quote, providers. That was the argument. That statute doesn't apply to this situation. That's prior to trial. That's payment to medical providers prior to going to hearing. Now, the circuit court judge bought that argument, right? No, the circuit court judge reversed the commission's decision. Circuit court reversed the decision for the 19-year-old penalties. Right. Because they agreed, the circuit court agreed with his argument that there shouldn't have been penalties. Correct. The circuit court agreed with respondent's argument. The commission found that clearly the delay in the payment of the award was unreasonable. There's never been any good faith cause issue represented by a respondent as to why they didn't pay the award. We've got a long list of cases where 90, 100 days delay is generally considered unreasonable delay. Pursuant to the statute under 19L, 14 days is rebuttal presumption of an unreasonable delay. I don't believe that the respondent has ever rebutted their presumption in this case and shown what the good faith basis was for payment or nonpayment of the award. That section 8.2D, that's for the medical providers to be paid directly by the insurance company prior to trial. We're way past that when we went to hearing. Very simple issues with very clear and respondent basically put their head in the sand and ignored their obligation to pay the award. Based upon the facts before you, I ask that the decision of the commission be affirmed in its entirety and the 19L penalties be awarded. Thank you. Thank you, counsel. Counsel, you may reply. Good morning, justice. May it please the court. Good morning, counsel. Tim O'Gorman for Stake and Share today, the employer. There are actually two issues I'd like to touch on very quickly first. The commission mentioned permanency benefits in its award of 19L penalties. There's actually two review standards going on here. This is an issue of law. The statute 19L does not provide. Don't waste time. We know you get no 19L on PPD awards. Understood. Sorry, justice. I wrote it down. I just wanted to make sure. Well, counsel said this is straightforward. It is straightforward. All the court requires of us is to prove an adequate justification for the delay. The commission very specifically places the delay on the fact that no bills were tendered until October 27, 2014. Aha. He says you had them at the time of the arbitration hearing. The bills themselves were not tendered to us. They were attached to the transcript, the trial transcript themselves. So the reason this is a problem, justices, is because what we're doing here when measuring 19L payments or 19L penalties is we're assigning specific dates. And the reason that the statute requires petitioners to tender bills to a respondent is because it sets that date. If we start asking respondents to begin subpoenaing medical records instead of getting them from a petitioner or asking a court reporter to issue a trial transcript, we've got a multitude of dates by which we could begin to calculate penalties. At this point on these types of penalty petitions, we're calling in court reporters to testify. We're calling in medical records people to testify, people who've signed certification sheets. And the whole purpose of this is to make this as easy as possible when we are to issue awards and issue transcripts. You're saying why should you have to do to seek out these bills when we could put them together and tender them? That's my point exactly. And to ask that is not unreasonable because the opposite is to create confusion.  When did you know you were responsible for paying these bills? October 27, 2014 is when we first got the bills themselves that were alleged to be. That isn't the question when you got the bills. I mean, when were you aware and were ordered to pay through a decision to pay these bills? The bills themselves were awarded in the decision. Okay. When was that? That was, I believe, in June of 2014. Okay. June 23rd specifically. Okay. And so you're saying that any delay in paying those bills that a penalty would be attached to should begin only on the day that the bills are tendered thereafter by the claimant? At the very least, Your Honor, yes. And our position is that no penalties are being issued. At the very earliest, excuse me. I'm so sorry. You said at the very least. Maybe I misunderstood your question. You meant at the very earliest. At the very earliest, the penalty should start to accrue on the day that the bills are tendered. And that's also qualified by the fact that the unreasonable delay can still be justified, or the delay can still be justified, and no penalties should be awarded in this particular case, as counsel actually cites Springfield Urban League as a justification for us to have, for respondents to have a little bit more of a burden on them in getting bills. Part of the reason for the delay is having to run things through a fee schedule, which we complied with. So counsel's citation of that particular case has actually been complied with in this case. There's no case here for penalties. And the commission's decision is clearly against the manifest way of evidence as the findings are diametrically opposed to what the conclusion is. The commission themselves said the respondent didn't receive anything until any bills were tendered until October 27th, 2014. And then further down the page, they begin the clock on penalties during a period of time that we did not, the respondent did not have any bills. In order to, part of the confusion in this is that some of the bills were paid, some of them were not. And the bills that were not tendered were believed to be paid at a certain point. It turns out that that was not the case. They were later paid. And the commission never acceded to the argument that the bills became, had to be paid because of what was tendered at the arbitration. You're saying the commission did set a date and it was later. That's correct, Your Honor.  That's correct, Your Honor. But notwithstanding that, they still went ahead and issued penalties, even though they picked a later date. Exactly, Your Honor. And that just doesn't make sense. And I feel that that's a clear example of something that would be against the manifest way of the evidence. It just doesn't make any sense. So, Justices, with that, I'll leave the rest of the briefs. I appreciate your time. Thank you very much. We would ask that the circuit court order be affirmed vacating the penalties. Thank you, Counsel. Counsel, you may reply. The answer to your earlier question, April 7th of 2014, was the date that Respondent was made aware that those bills were still outstanding. What's disingenuous about Respondent's argument is they had paid these bills prior to the trial. They had issued payment to the orthopedic surgeon that did the surgery prior to trial. They were aware of these medical providers. They weren't surprised by them in any regard. There were balances remaining at the point that we went to trial in April. May 23rd, the arbitrator issued the decision awarding those bills that were made at issue at trial. Those bills were tendered to Respondent by way of the stiff sheet requesting payment of Petitioners' Exhibits 5 through 9. They were unnoticed at that point in time, clearly. They didn't do anything then after the award to pay those bills. The Commission used the June 23rd date in calculating this 164-day delay as the date that Respondent would have received the Commission decision. Can I ask you a question? Do you rely on this Springfield Urban League case? For payment of the itemized bills, yes. Why don't you have an official site for that case in your brief? Could it be because it's a Rule 23? Yes, Your Honor, that's true. Then you're not supposed to cite it when you know it. You're not supposed to be cited. It's wrong. And to slip it in just using the northeastern site, some of us actually, you know, that kind of tweaks our nose when that happens. Understood. And I'll take it to heart. I think the proposition is just used for the idea that Respondent would be the one to pay on those bills. They have the wherewithal to do it. And in this case, there just hasn't been any good cause issued as to why they delayed 164 days in payment. So we'd ask that the Commission decision be affirmed in its entirety. Thank you. Thank you, counsel. Both this matter will be taken under advisement. Written disposition shall issue.